UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COUNTRYWIDE HOME LOANS, INC.,

    Plaintiff/Counter-defendant,

vs.

BRADLEY S. AUSTIN,

    Defendant/Counter-plaintiff and
    Third-Party Plaintiff,

vs.

DEANNA LYNN AUSTIN, et al.,

    Third-Party Defendants.
_____/

Case No.  09-11526

HON.  GEORGE CARAM STEEH

ORDER GRANTING FEDERAL THIRD-PARTY DEFENDANTS' MOTION
TO DISMISS [DOC. #6], GRANTING OAKLAND COUNTY THIRD-PARTY
DEFENDANTS' MOTION TO DISMISS [DOC. #10], AND GRANTING
THIRD-PARTY DEFENDANT QUICKEN LOANS' MOTION TO DISMISS [DOC. #20]

    This matter has come before the Court on motions to dismiss filed by third-party defendants Mary L. Schapiro, Kathleen Casey, Elisse B. Walter, Luis A. Aguilar, Troy A. Paredes, and Eric Holder ("Federal Third-Party Defendants"), Michael J. Bouchard, Ruth Johnson, and Oakland County ("Oakland County Third-Party Defendants"), and Quicken Loans.  Third-Party Plaintiff Bradley S. Austin was ordered by the Court to file a response to these motions on or before September 22, 2009.  Austin did not file a response to the motions.

    The Federal Third-Party Defendants were not properly served with the complaint, which was sent to the United States Attorney's Office via priority mail, but included no summons and was not sent return-receipt requested.  Fed. R. Civ. P. 4(i); MCR 2.102,

2.204.  Even if Austin's third-party complaint had been properly served, it is virtually identical to the complaint adjudicated in 07-15127, which case was previously disposed of by this Court.[1]  The principle of res judicata bars the additional litigation of claims previously adjudicated.  <u>Taylor v. Sturgell</u>, __ U.S. __; 128 S.Ct. 2161, 2171 (2008). Finally, Austin has failed to state a claim upon which relief can be granted as to the Federal Third-Party Defendants, who are mentioned exclusively in the case caption and nowhere else in the complaint.  Austin was given two opportunities to amend his complaint, which he failed to do.  Austin's third-party complaint against Federal Third-Party Defendants is hereby DISMISSED WITH PREJUDICE.

The Oakland County Third-Party Defendants were not properly served with the third-party complaint pursuant to MCR 2.204, which requires that a third-party complaint be served within 21 days after the third-party plaintiff's original answer is filed, or leave must be sought.  Even if service on the Oakland County Defendants was proper, res judicata bars this action by Mr. Austin because the same claims were previously brought against the same parties, and the matter was fully resolved by this Court.  <u>Id</u>. Austin's third-party complaint against the Oakland County Third-Party Defendants is DISMISSED WITH PREJUDICE.

Third-Party Defendant Quicken Loans joins in the motion filed by the Oakland

---

[1] The original action was an eviction proceeding filed on December 11, 2007 in 52-2 District Court by Countrywide Home Loans.  Austin filed a third-party complaint against a number of persons, including the third-party defendants herein, and attempted to remove the state action to this Court.  The case was remanded and the state court upheld its decision evicting Austin.  Subsequently Austin filed numerous actions with this Court relating to the foreclosure by advertisement by Countrywide Home Loans.  The "First Action" was 07-15127 and the "Second Action" was 08-13697, both involving the third-party defendants herein.

County Third-Party Defendants.  For the same reasons stated above, the Court finds that Quicken Loans was not properly served with the third-party complaint in this case, and the claims made against Quicken Loans are also barred by res judicata.  Austin's third-party complaint against Quicken Loans is DISMISSED WITH PREJUDICE.

     IT IS HEREBY ORDERED that the Federal Third-Party Defendants' motion to dismiss is GRANTED.

     IT IS HEREBY FURTHER ORDERED that the Oakland County Third-Party Defendants' motion to dismiss is GRANTED.

     IT IS HEREBY FURTHER ORDERED that Quicken Loans' motion to dismiss is GRANTED.

     It is so ordered.

Dated:  October 8, 2009

                                       S/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 8, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk